IN THE CIRCUIT COURT OF TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

SHELBY COUNTY CHANCERY COURT
JUL 26 2012
DONNA L. RUSSELL, C & M

CHARLOTTE NORRID,

    Plaintiff,

vs.                                                                 No. CH-12-1209-2

NATIONWIDE MUTUAL FIRE
INSURANCE COMPANY,

    Defendant.

### COMPLAINT TO ENFORCE INSURANCE CONTRACT

    Comes now the Plaintiff, Charlotte Norrid, by and through her attorneys of record, and would show unto the Court as follows:

1.     Plaintiff Charlotte Norrid is an individual resident of Memphis, Shelby County, Tennessee.

2.     Defendant, Nationwide Mutual Fire Insurance Company, is an insurance company doing business in Shelby County, Tennessee.

3.     On February 5, 2008, and at all other relevant times material hereto, Plaintiff had in full force and effect a homeowners insurance policy with Defendant, insuring her residence and its contents against fire and other loss. Ms. Norrid's residence is identified as, and located at 800 Sanga Creek Rd., Cordova, TN 38018-673.

4.     On or about February 5, 2008, a fire occurred at Plaintiff's home, causing significant property damage and loss of personal property.

5.     Plaintiff filed a claim against Defendant for her loss, and this claim was assigned

1


EXHIBIT A

Claim No. 63 41 HO 060489 020520008 01.

6. Defendant investigated Plaintiff's claim, and, after determining that the loss was a covered loss under her insurance policy, Defendant began to make periodic payments to Ms. Norrid for personal property items lost or damaged in the fire. A payment was made on March 25, 2008 in the sum of $19,977.20, February 23, 2009 in the sum of $21,843.91, and a payment on January, 2011, of $11,178.37.

7. Defendant also retained a contractor to effectuate the repairs to Plaintiff's home. By letter dated December 21, 2010, Plaintiff was advised by Defendant's property claims manager, Jim Crawford, that:

> "I talked to Leland Jackson this morning and per our discussion we will postpone the completion of their work until after New Years. I told Leland that I wanted to coordinate the work with as few workers as possible that will be dedicated to completing your work in as short a time as possible. He understood and said he would plan accordingly."

Defendant's contractor did, in fact, return and do some work at Plaintiff's home during January of 2011.

8. However, Defendant's contractor stopped work prior to the completion of repairs to Plaintiff's home. Despite repeated requests, the contractor never returned to complete the repairs, nor did Defendant retain a substitute contractor to do so.

9. Furthermore, Defendant has failed and refused to compensate Plaintiff for additional items of personal property destroyed or damaged in the fire, destroyed or damaged in the course of cleaning and repair, or omitted from Plaintiff's initial claims.

10. Rather, after April, 2011, Defendant failed and refused to communicate with Plaintiff until July 27, 2011.

11. Shortly after July 27, 2011, Plaintiff received a letter of that date from Russell E.

-2-

Reviere, Attorney, requesting that she give a sworn statement.

12. Pursuant to that request from Defendant's legal counsel, Plaintiff retained legal counsel and did, on September 13, 2011 appear and give her sworn statement. Additionally, Plaintiff has, at Defendant's attorney's request, provided additional waivers and documentation of her claim.

13. Since the submission of the requested information to Nationwide's legal counsel, Defendant has, once again, become completely unresponsive to Plaintiff or Plaintiff's counsel.

14. By letter of May 24, 2012, Plaintiff's counsel requested some communication from Defendant regarding the status of Plaintiff's claim. This letter referred to previous letters of April 12, 2011, and May 8, 2011. Likewise, a subsequent telephone call was not returned.

15. Plaintiff's fire loss occurred more than four years ago and Defendant continues to delay and procrastinate with regard to the evaluation and payment of claims and completion of repairs to the premises, and, further, has totally discontinued any communication with Plaintiff.

16. Plaintiff believes and alleges that because of the numerous items of personal property at issue in this litigation and their evaluation and the numerous repairs yet to be performed to her premises, that it would be appropriate for the Court, pursuant to Rule 53 of the Tennessee Rules of Civil Procedure, and Rule 12 of the Rules of Practice of the Chancery Court of Shelby County, Tennessee, to appoint a Special Master to examine and submit a report with regard to the items of personal property claimed by Plaintiff and damages to her home which are yet to be repaired, or repaired properly.

17. Plaintiff believes and alleges that Defendant's conduct with regard to the adjustment of Plaintiff's claim constitutes bad faith so as to justify the imposition of a 25% penalty pursuant to T.C.A. §56-7-105.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF PRAYS AS FOLLOWS:

1. That the Court appoint a Special Master to examine Plaintiff's remaining personal property claims and make a report to the Court as to the amount due Plaintiff pursuant to her insurance policy;

2. That the Special Master further be instructed to investigate and report upon the cost of completing the repairs to Plaintiff's home;

3. That a judgment be rendered in favor of Plaintiff and against Defendant for the cost of remaining items of personal property damaged in, or as a result of, the fire, and the cost of completing in workmanlike manner the necessary repairs to Plaintiff's home, resulting from the fire;

4. That Plaintiff be awarded an additional sum of 25% of the amount of her judgment to compensate, or partially compensate, her for her legal fees, and other costs and expenses sustained by her as a result of Defendant's bad faith in the adjustment of this claim;

5. That the Court award interest at the rate of 10% upon the sums determined to be due Plaintiff;

6. That the Court order all costs of the retention of a Special Master be paid by Defendant; and

7. That the Court award such other costs, expenses, and fees against Defendant as the Court deems proper or appropriate.

THE WINCHESTER LAW FIRM
Attorneys for Plaintiff

Richard L. Winchester, Jr. (#5611)
6060 Poplar, Suite 295
Memphis, TN 38119
(901)685-9222

—4—

**STATE OF TENNESSEE**
**Department of Commerce and Insurance**
500 James Robertson Parkway
Nashville, TN 37243-1131
PH - 615.532.5260, FX - 615.532.2788
Jerald.E.Gilbert@tn.gov

July 31, 2012

Nationwide Mutual Fire Insurance Company
800 S. Gay Street, Ste 2021, % C T Corp.
Knoxville, TN 37929-9710
NAIC # 23779

Certified Mail
Return Receipt Requested
7011 2970 0003 4363 6460
Cashier # 4477

Re: Charlotte Norrid V. Nationwide Mutual Fire Insurance Company

Docket # Ch-12-1209-2

To Whom It May Concern:

Pursuant to Tennessee Code Annotated § 56-2-504 or § 56-2-506, the Department of Commerce and Insurance was served July 31, 2012, on your behalf in connection with the above-styled proceeding. Documentation relating to the subject is herein enclosed.

Jerald E. Gilbert
Designated Agent
Service of Process

Enclosures

cc: Chancery Court Clerk
Shelby County
140 Adams Street, Rm 308
Memphis, Tn 38103



**(CIRCUIT/CHANCERY) COURT OF TENNESSEE**
140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

## SUMMONS IN CIVIL ACTION

Docket No. CH-12-1209-2    ☑ Lawsuit    ☐ Divorce    Ad Damnum $ _____

| Plaintiff(s) | Defendant(s) |
|---|---|
| CHARLOTTE NORRID | NATIONWIDE MUTUAL FIRE INSURANCE COMPANY |

VS

TO: (Name and Address of Defendant (One defendant per summons))
NATIONWIDE MUTUAL FIRE INSURANCE COMPANY
c/o COMMISSIONER OF COMMERCE AND INSURANCE
500 JAMES ROBERTSON PARKWAY
NASHVILLE, TN 37243

Method of Service:
- ☐ Certified Mail
- ☐ Shelby County Sheriff
- ☑ Commissioner of Insurance ($)
- ☐ Secretary of State ($)
- ☐ Other TN County Sheriff ($)
- ☐ Private Process Server
- ☐ Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on RICHARD L. WINCHESTER, JR. Plaintiff's attorney, whose address is 6060 POPLAR, SUITE 295, MEMPHIS, TN 38119, telephone 685-9222 within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

DONNA L. RUSSELL, Clerk

TESTED AND ISSUED   JUL 26 2012   By _____, D.C.

### TO THE DEFENDANT:

NOTICE: Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a four thousand dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 379-7895

I, JIMMY MOORE, Clerk of the Court,
Shelby County, Tennessee, certify this to
be a true and accurate copy as filed this

_____

JIMMY MOORE, Clerk

By: _____, D.C.

### RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____, 20____ at _____ M. a copy of the summons and a copy of the Complaint to the following Defendant _____

at _____

_____   By: _____
Signature of person accepting service                                                Sheriff or other authorized person to serve process

### RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____, 20_____.

_____   By: _____
                                                                                          Sheriff or other authorized person to serve process

Docket No: _____

IN THE
(CIRCUIT/CHANCERY) COURT
OF TENNESSEE
FOR THE
THIRTIETH JUDICIAL
DISTRICT AT MEMPHIS

SUMMONS IN A CIVIL ACTION

CHARLOTTE NORRID
Plaintiff

VS

NATIONWIDE MUTUAL FIRE INSURANCE
Defendant

RICHARD L. WINCHESTER, JR.
Attorney for Plaintiff/Pro Se

Telephone Number